UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME WESTFIELD DEWALD,

      Plaintiff,

v.

HILLARY CLINTON, in her official
capacity as US Secretary
of State, KATHLEEN SEBELIUS,
in her official capacity as US
Secretary of Health and Human Services,
ISMAEL AHMED, in his official capacity
as Secretary of the Michigan Department
of Human Services, DAVE MORK,
in his official capacity as the Director of the
Michigan State Disbursement Unit,
BETTY LOWENTHAL, in her official capacity
as Referee of the 6th Circuit Michigan Friend of
the Court, and HONORABLE ELIZABETH PEZZETTI,
in her capacity as Judge of the
Michigan 6th Circuit Family Court.

      Defendants
_____/

Case No. 05-71492
Honorable Patrick J. Duggan

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; (2) GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT; AND (3) DENYING WITHOUT PREJUDICE THE FEDERAL DEFENDANTS' AND STATE DEFENDANTS' MOTIONS TO DISMISS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 4, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* action against Defendants on August 7, 2009, after a default judgment for child support was entered against him in the Michigan courts which ultimately resulted in the seizure of his United States passport. Although Plaintiff subsequently succeeded in having the judgment in the State court set aside and his passport returned to him, he claims that the Michigan State Disbursement Unit continues to assess child support, resulting in arrearage that he fears will result again in the confiscation of his passport.

Plaintiff is a United States citizen residing in the Russian Federation. Defendants are federal and state officials. Specifically, they are United States Secretary of State Hillary Clinton and United States Secretary of Health and Human Services ("HHS") Kathleen Sebelius (collectively "Federal Defendants") and Secretary of the Michigan Department of Human Services Ismael Ahmed, Director of the Michigan State Disbursement Unit Dave Mork, 6th Circuit Michigan Friend of the Court Referee Betty Lowenthal, and 6th Circuit Michigan Family Court Judge Elizabeth Pezzetti (collectively "State Defendants").[1]

Presently before the Court are the following motions:

> (1) State Defendants' Motion to Dismiss, filed November 19, 2009 (Doc. 11);

---

[1] Initially, Plaintiff also named as a defendant Brian Kressin, Vice Consul of the U.S. Embassy in Moscow, Russian. Pursuant to a stipulation entered by Plaintiff and the Federal Defendants, Mr. Kressin was dismissed with prejudice as a defendant on January 6, 2010.

> (2) Federal Defendants' Motion to Dismiss, filed January 11, 2010 (Doc. 18);
>
> (3) Plaintiff's Motion for Leave to File First Amended Complaint, filed January 23, 2010 (Doc. 20); and
>
> (4) Plaintiff's Motion to Extend Time for Service of Complaint, filed February 13, 2010 (Doc. 31).

Plaintiff has filed responses to Defendants' motions. Only the Federal Defendants have responded to Plaintiff's motions.

With respect to Plaintiff's motion for leave to file an amended complaint, as the Federal Defendants acknowledge in response to that motion, Federal Rule of Civil Procedure 15(a)(1)(B) (as amended December 1, 2009) permits parties to amend "as a matter of course" a pleading to which a responsive pleading is required within twenty-one days after service of a responsive pleading or the filing of a motion under Rule 12(b), (e), or (f). Where there are multiple defendants in an action, and not all have filed responsive pleadings, courts have interpreted Rule 15(a) as allowing a plaintiff to amend the complaint as a matter of course with regard to those defendants that have yet to respond. *See Williams v. Bd of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Scott-Blanton v. Universal City Studios Productions, LLP*, 244 F.R.D. 67, 69 (D.D.C. 2007).

Plaintiff filed his motion for leave to file his first amended complaint *and* his first amended complaint less than twenty-one days after the Federal Defendants filed their motion to dismiss. (Docs. 20, 23.) Therefore, Plaintiff's motion for leave to amend his

3

complaint with regard to the Federal Defendants must be granted pursuant to Rule 15(a)(1)(B). Plaintiff's motion was filed more than twenty-one days after the State Defendants filed their motion to dismiss. Nevertheless, the Court also concludes that he should be granted leave to amend his complaint as to these defendants pursuant to Rule 15(a).

Where the time has expired for a party to amend a pleading as a matter of course, Rule 15 provides that an amendment may be made with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The rule further provides that "[t]he court should freely give leave when justice so requires." *See* FED. R. CIV. P. 15(a). The Supreme Court has advised that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Plaintiff's primary rationale for seeking to amend his complaint is to incorporate the events that have occurred relative to his claims since he initiated this lawsuit. Logically, Plaintiff's claims should be evaluated based on these changed circumstances. Furthermore, by failing to respond to Plaintiff's motion, the State Defendants have not set forth any reason why Plaintiff's requested amendment should be denied.

The Court therefore is granting Plaintiff's motion for leave to amend his complaint. In light of this amendment, the Court is dismissing *without prejudice* the Federal Defendants' and State Defendants' motions to dismiss Plaintiff's initial

complaint. The Court also is granting Plaintiff's motion for an extension of time to serve the Federal Defendants, as the Court concludes that the Federal Rules of Civil Procedure require the Court to also grant Plaintiff this requested relief.

In his initial complaint, Plaintiff has sued Secretary Clinton and Secretary Sebelius only in their official capacities. Pursuant to Federal Rule of Civil Procedure 4(i)(2), to serve a United States officer or employee sued only in his or her official capacity, a plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Service on the United States is accomplished by (1) delivering a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought and (2) sending a copy of each by registered or certified mail to the United States Attorney General. Fed. R. Civ. P. 4(i)(1). According to the Return of Service forms Plaintiff has filed, he sent a copy of the summons and of the complaint by registered mail to the State Department and the United States Attorney's Office for the Eastern District of Michigan. (Docs. 4, 6.) He has not sent a copy of each to the Attorney General, HHS, or Secretary Sebelius.

Nevertheless, Federal Rule of Civil Procedure 4(i) contains a provision that was enacted to "save[] the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under this subdivision." Fed. R. Civ. P. 4, advisory committee notes (1993). This provision states, in relevant part:

> The court must allow a party a reasonable time to cure its failure to:
>
> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; . . .

Fed. R. Civ. P. 4(i)(4). Pursuant to this rule, because Plaintiff has served a copy of the complaint and of the summons on the United States attorney, the Court "must" grant him more time to cure his failure to also serve the Attorney General and HHS or Secretary Sebelius.[2]

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Extend Time for Service of Complaint is **GRANTED**;

---

[2] In the interests of judicial efficiency and moving this matter toward a prompt resolution (and because the documents are available on the electronic docket), the Court suggests that the Federal Defendants waive Rule 4's requirement that Plaintiff send a copy of the summons and of the complaint by certified or registered mail to the Attorney General and HHS or Secretary Sebelius. If the Federal Defendants insist that Plaintiff properly accomplish service under Rule 4(i)(2), however, they should inform the Court within seven (7) days of this Opinion and Order and the Court will set a specified time by which Plaintiff must cure his failure to comply with the rule.

The Court further notes that in his amended complaint, Plaintiff is suing Secretary Clinton and Secretary Sebelius in their individual capacities. Therefore, he must also serve these individuals personally in accordance with Federal Rule of Civil Procedure 4(e). *See* Fed. R. Civ. P. 4(i)(3). Considering the anticipated difficulties presented to a plaintiff attempting to personally serve the Secretary of a federal agency and the interests identified above, the Court suggests that the Federal Defendants waive this requirement, as well, and rely on the documents filed on the electronic docket.

**IT IS FURTHER ORDERED**, that the Federal Defendants' and State Defendants' motions to dismiss are **DENIED WITHOUT PREJUDICE**.

                s/PATRICK J. DUGGAN
                UNITED STATES DISTRICT JUDGE

Copies to:
Jerome Westfield Dewald
c/o Amy Bailey
2211 Association Drive
Suite 600
Okemos, MI 48864

Theresa M. Urbanic, Esq.
Jonathan S. Ludwig, Esq.
Keith J. Lerminiaux, Esq.