STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

OLGA GENNADYEVNA DeWALD,

    Plaintiff,

v.

    07-736276-DC

    JUDGE ELIZABETH PEZZETTI

JEROME WESTFIELD DeWALD,

    Defendant.

_____/

J. A. HLYWA, P.C.
JULIE A. HLYWA (P63157)
Attorney for Plaintiff
33830 Harper Avenue
Clinton Township, MI 48035
(586) 415-0093

Jerome DeWald
Defendant
3150 Cobbler Court
East Lansing, MI 48823

_____/

### FINAL DEFAULT JUDGMENT OF FILIATION, CUSTODY, PARENTING TIME AND CHILD SUPPORT

At a session of said Court held in the County of Oakland,
City of Pontiac, on    FEB 29 2008.

PRESENT: Hon. ELIZABETH PEZZETTI
                 Circuit Court Judge

THIS CAUSE having been brought to be heard upon the Complaint of the Plaintiff, OLGA DeWALD and the Defendant having failed to appear or otherwise defend said action, upon which resulted in the entry of a default and Plaintiff attesting that the material facts alleged in the Complaint are true, and that the provisions detailed below contain a fair and equitable resolution with regards to child custody, child support, and parenting time, and the Court being otherwise fully advised in the premises:

## I. FILIATON

IT IS HEREBY ORDERED that Defendant **JEROME W. DEWALD** is adjudicated to be the father of the parties' minor children, ALISA DeWALD (D.O.B. January 30, 2000) and EDWARD DeWALD (D.O.B. April 14, 2002).

## II. CUSTODY AND GENERAL PROVISIONS

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff, **OLGA DEWALD**, shall have sole legal and sole physical custody of the minor children until the children attain eighteen (18) years of age.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant, **JEROME W. DEWALD**, shall have supervised parenting time with the minor children.

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall conduct themselves at all times with the best interests of the children foremost in their consideration and shall communicate with one another on a regular basis to enhance and foster the children's best interests.

IT IS FURTHER ORDERED AND ADJUDGED that the minor children of the parties have an inherent right to the natural affections and love of both parents, and neither party shall do anything that might estrange the minor children from the other party or that might tend to discredit, cause disrespect for, or diminish the natural affection of the minor children for the other party.

IT IS FURTHER ORDERED AND ADJUDGED that the domicile or residence of the minor children shall not be moved outside Michigan without prior approval between the parties. ~~Further more, that Plaintiff, OLGA DEWALD, may not move, with or without the minor children, within the state of Michigan, more than 100 miles from the children's present residence without the consent of the other parent.~~

## III. CHILD SUPPORT

2

IT IS FURTHER ORDERED AND ADJUDGED that **JEROME W. DEWALD** shall pay child support through Friend of the Court to **OLGA DEWALD** for the support of the parties' minor children in the amount(s) as follows:

- Eight Hundred and Twenty Five 71/100 ($825.71) Dollars per month for two (2) children as base support plus twenty-three and 41/100 ($23.41) Dollars for total monthly support of Eight Hundred Forty-Nine and 12/100 ($849.12) Dollars; and

- Five Hundred Thirty-Six and 93/100 ($536.96) Dollars per month for one (1) child as base support plus Eleven and 70/100 ($11.70) Dollars for total monthly support of Five Hundred Forty-Eight and 66/100 ($548.66) Dollars.

until the children's 18th birthday, or longer as permitted by law, but in no case after the children reach the age of 19 years and 6 months. Please see attached Prognosticator.

IT IS FURTHER ORDERED AND ADJUDGED that child support is governed by the Uniform Support Order that is being incorporated by reference, and is being entered simultaneously with this Final Default Judgment of Filiation, Custody, Parenting Time and Child Support.

IT IS FURTHER ORDERED AND ADJUDGED that any and all Friend of the Court service fees shall be paid **JEROME W. DEWALD**.

IT IS FURTHER ORDERED AND ADJUDGED that **JEROME W. DEWALD** shall pay to the Oakland County Friend of the Court the sum of $3.50 per month, payable semi-annually in advance on January 2nd and July 2nd, hereafter while the support order is effective.

IT IS FURTHER ORDERED AND ADJUDGED that payment of child support, including the statutorily proscribed fees, in the amount set forth herein shall be made pursuant to an Order of immediate income withholding issued by this Court. A copy of the Order to withhold sums in the amount indicated, together with a notice of income withholding, shall be

served upon the payer's source of income. (MCLA 552.601 *et esq.* as amended). The notice of income withholding issued in accordance with the provisions herein shall replace and/or extinguish any current notices of income withholding orders on file with the Friend of the Court. All support payments shall be made directly to the Friend of the Court until such Order of Income Withholding becomes effective.

IT IS FURTHER ORDERED AND ADJUDGED that **JEROME W. DEWALD** shall receive a Fifty (50%) percent retroactive abatement of the child support obligation after the minor children spends six (6) or more consecutive overnight periods with **JEROME W. DEWALD**.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, **OLGA DEWALD** will claim the minor children as exemptions as the custodial parent for income tax purposes.

## IV. ARREARAGES

IT IS FURTHER ORDERED AND ADJUDGED that any child support arrearages owed to **OLGA DEWALD** and presently in force on the records of the Oakland County Friend of the Court are hereby preserved.

IT IS FURTHER ORDERED AND ADJUDGED that as otherwise provided in Section 3 of the Support and Visitation Enforcement Act, Act No. 295 of the Public Acts of 1982, being Section 552.603 of the Michigan Compiled Laws, a support order that is part of a judgment or an order in a domestic relations matter as that term in defined in Section 31 of the Friend of The Court Act, Act No. 294 of the Public Acts of 1982, being Section 552.531 of the Michigan Compiled Laws, is a judgment on and after the date each support payment is due, with full force, effect, and attributes of a judgment of this State, and is not, on and after the date it is due, subject to retroactive modification.

IT IS FURTHER ORDERED AND ADJUDGED that by operation of law, a payer's real and personal property can be encumbered or seized if a support arrearage accrues in an amount

4

greater than the amount of periodic support payments payable for one (1) year under a payer's support order.

## VI. HEALTH CARE

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall be responsible for maintaining health insurance for the minor child, as long as it continues to be a reasonably available benefit through either parties' place of employment as the minor child has a right to health insurance coverage when such a benefit is available to either parent as a benefit of employment at a reasonable cost, as long as the child is eligible to receive said health care benefits.

IT IS FURTHER ORDERED AND ADJUDGED that in addition to base support, **JEROME W. DEWALD** shall pay ordinary health care expenses in the amount of $23.41 per month for two (2) children and $11.70 per month for one child.

IT IS FURTHER ORDERED AND ADJUDGED that **JEROME W. DEWALD** shall pay 49% and **OLGA DEWALD** shall pay 51% of the children's extraordinary uninsured medical/health care expenses.

IT IS FURTHER ORDERED AND ADJUDGED that the parties will abide by the following provisions with respect to payment of their children's health care costs, which conform to the Michigan Child Support Formula:

   a) *Health care-related costs for the minor child to be shared*: Health care-related costs are those costs for medical, hospital, dental, optical and orthodontic care; prescription medications; and mental health services, reasonably necessary for the health and care of the minor child.

   b) *Ordinary health care expenses defined*: Ordinary health care and medical expenses include Payee's co-payments, deductibles, uninsured and any other health care-related costs for the child.

   c) *Supplemental for ordinary health care expenses to be paid by Payer*: In addition to child support, Payer will pay to Payee, for ordinary health care expenses, an amount to be determined by the Friend of the Court. It is presumed that, over the

5

course of a year, Payee will expend at least this amount each month for ordinary health care for the minor child.

d) *Extraordinary health care expenses defined*: Extraordinary health care expenses are:

    i) Ordinary health care expenses incurred by Payee that exceed the annual provision for ordinary health care expenses; and

    ii) Ordinary health care expenses paid by Payer.

e) *Extraordinary health care expenses to be shared*: Payee is not required to keep an accounting of expenditures for ordinary health care expenses. However, in order to receive reimbursement from Payer for *extraordinary* expenses, Payee will maintain an accounting of *ordinary* health care expenses. Once Payee's total annual payments for ordinary health care expenses exceeds the amount indicated in the Uniform Support Order for the year, the parties will share the excess in proportion to their incomes. If Payer incurs ordinary health care expenses for the minor child, the parties will share those expenses in the same proportion.

IT IS FURTHER ORDERED AND ADJUDGED that an order for dependant health care coverage takes effect immediately and will be sent to the parent's current and subsequent employers and insurers if appropriate. A parent may contest the action by requesting a review or hearing concerning availability of health care coverage at a reasonable cost.

IT IS FURTHER ORDERED AND ADJUDGED that a parent who is seeking reimbursement for extraordinary medical expenses under MCLA 552.511a must first request reimbursement from the other parent in a timely manner before asking for enforcement through the Court or Friend of the Court. If the other parent does not provide reimbursement within twenty-eight (28) days after demand for payment, then the parent seeking reimbursement may request enforcement of the obligation by filing a complaint in a timely manner with the Friend of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the parties will give the Office of the Friend of the Court the information regarding any health care coverage or changes thereto, that is available to said party as a benefit of employment or that is maintained by said party; the name of the insurance company, health care organization or health maintenance organization, the

policy, certificate or contract number, the names and birth dates of the person(s) for whose benefit said party maintains health care coverage under the policy, certificate or contract.

## V. EFFECTIVE DATE

IT IS FURTHER ORDERED AND ADJUDGED that this agreement by and between the parties shall become effective as of the day of its signing.

IT IS FURTHER ORDERED AND ADJUDGED that except for the issues that remain under the Court's continuing jurisdiction such as child custody, child support and/or parenting time, this Judgment disposes of the last pending claim between the parties as of this date and closes the case.

*Elizabeth Pezzetti*
Circuit Court Judge

_____  Dated: 2/18/08
OLGA DEWALD
Plaintiff


_____  Dated: 2/18/08
JULIE A. HLYWA (P63157)
Attorney for Plaintiff
33830 Harper Avenue
Clinton Township, MI 48035
(586)415-0093

\\julielaptop\jah\2007\domestic\dewald\judgment.doc

7

TI: 02/29/88 11:21:59 45838

J. A. HLYWA, P.C.
THE CHILD SUPPORT PROGNOSTICATOR 2007

JEROME DEWALD / OLGA DEWALD           Case No:

CHILD SUPPORT RECOMMENDATION

This case has been calculated with mother having primary physical custody.
GENERAL CARE:   For the costs of general care, the father should pay:
         $825.71 per month for two children.
         $536.93 per month when one child is subject to the order.
General care should abate by 50% during times when the noncustodial parent
has parenting time for six or more consecutive overnight periods.  Ordinary
health care costs and child care costs should not abate.

ORDINARY HEALTH CARE COSTS:  In addition to the general care, the father should pay:
         $23.41 per month for two children.
         $11.70 per month for one child.

HEALTH INSURANCE PREMIUM ADJUSTMENT
There are no medical insurance premiums to allocate.

TOTAL MONTHLY SUPPORT AMOUNT
The total monthly support amount is $849.12.

EXTRAORDINARY HEALTH CARE EXPENSES:
Father should pay 48.61 percent and mother should pay 51.39 percent of the
extraordinary health care expenses.

DETAILED INFORMATION ABOUT INCOME, EXPENSES AND ADJUSTMENTS IS ON THE NEXT PAGE.

This recommendation was prepared using the October 2004 Support Formula & 2007 tax rates.
        PROGNOSTICATOR 21.0 - A product of Springfield Publications,
  in association with the Family Law Section of the State Bar of Michigan.

           This recommendation was printed on February 8, 2008.

```
TI1.02/29/08.11:21:59.45831
```

J. A. HLYWA, P.C.
THE CHILD SUPPORT PROGNOSTICATOR 2007

JEROME DEWALD / OLGA DEWALD          Case No:

TAX, INCOME, EXPENSE AND ADJUSTMENT INFORMATION

|  | FATHER | MOTHER |
|---|---|---|
| Tax Filing Status: | SINGLE | SINGLE |
| Income Tax Exemptions Considered: | 1 | 1 |
| Annual Tax Deduction Amount: | 5350 | 5350 |
| Supplemental Child Tax Credit: | 0 | 0 |
| Additional Children: | 0 | 0 |
| Local Income Tax Percent: | % | % |

*** AVERAGE WEEKLY INCOME ***

|  | FATHER | MOTHER |
|---|---|---|
| Salary & Wages: | 958.90 | 1,024.10 |
| GROSS WEEKLY INCOME: | $958.90 | $1,024.10 |
| GROSS MONTHLY INCOME: | $4,171.21 | $4,454.83 |

*** AVERAGE WEEKLY EXPENSES ***

|  | FATHER | MOTHER |
|---|---|---|
| Social Security Tax: | 59.45 | 63.49 |
| Medicare Tax: | 13.90 | 14.84 |
| Federal Income Tax: | 129.34 | 145.64 |
| Michigan Income Tax: | 34.85 | 37.40 |
| TOTAL AVERAGE WEEKLY DEDUCTIONS: | $237.54 | $261.37 |
| TOTAL AVERAGE MONTHLY DEDUCTIONS: | $1,033.30 | $1,136.96 |
| TOTAL AVERAGE WEEKLY NET INCOME: | $721.36 | $762.73 |
| TOTAL AVERAGE MONTHLY NET INCOME: | $3,137.92 | $3,317.88 |

***OTHER ADJUSTMENTS***

|  | FATHER | MOTHER |
|---|---|---|
| Amount of other support orders: | 0.00 | 0.00 |
| Adjustment for other children: | 0.00 | 0.00 |
| Adjustment for stepchildren: | 0.00 | 0.00 |
| WEEKLY OTHER ADJUSTMENTS: | $0.00 | $0.00 |
| MONTHLY OTHER ADJUSTMENTS: | $0.00 | $0.00 |
| ADJUSTED WEEKLY NET INCOME: | $721.36 | $762.73 |
| ADJUSTED MONTHLY NET INCOME: | $3,137.92 | $3,317.88 |
| Cost of Total Insurance Premium: | 0.00 | 0.00 |
| Adjustment for Payer's Portion: | 0.00 | 0.00 |
| Net Allocable Portion: | 0.00 | 0.00 |
| Number of Others Covered by Policy: | 0 | 0 |
| Number of Other Children Covered: | 0 | 0 |
| Adjusted Net Allocable Portion: | 0.00 | 0.00 |
| Max. Reasonable Monthly Health Ins. Cost: | 209 | 223 |

This recommendation was prepared using the October 2004 Support Formula & 2007 tax rates.
PROGNOSTICATOR 21.0 - A product of Springfield Publications,
in association with the Family Law Section of the State Bar of Michigan.

This recommendation was printed on February 8, 2008.